# Exhibit A

## IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

**ALEATHA BLAKE,**

    *Plaintiff,*　　　　　　　　　　　　　　Case No: _____

    v.

**CLARITY SERVICES, INC.,**　　　　　　　　　**JURY TRIAL DEMANDED**

    *Defendant.*

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **Aleatha Blake** ("**Ms. Blake**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Clarity Services, Inc. ("Clarity")**, stating as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages greater than $8,000 but not exceeding $30,000, exclusive of attorneys' fees and costs, brought by Ms. Blake against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and § 34.01, Fla. Stat.

3. Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat.

4. Venue is proper in Hillsborough County, Florida, pursuant to § 47.051, Fla. Stat., because the acts complained of were committed and/or caused by the Defendant within Hillsborough County.

## PARTIES

### Ms. Blake

5.  **Ms. Blake** is a natural person residing in Apollo Beach, Hillsborough County, Florida.

6.  Ms. Blake is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.  **Clarity** is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8.  Clarity is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

9.  Clarity is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Reports Single Loan as Two Duplicate Tradelines

10. On or around November 16, 2023, Ms. Blake obtained her consumer disclosure from Clarity.

11. Clarity, in its consumer report provided to Ms. Blake, indicated that Ms. Blake had *two* loans with nearly identical information, even though a cursory examination of the data should have quickly revealed that the tradeline data was duplicated.

12. Clarity reported that the first loan was opened on November 22, 2021, and that the lender was "RISE Credit" (the "**First Tradeline**"). **SEE PLAINTIFF'S EXHIBIT A.**

13. Clarity reported a second loan that was also opened on November 22, 2021, with the same account number, with "FinwiseBank/Rise" listed as the lender (the "**Second Tradeline**"). *Id.*

14. Both the First Tradeline and the Second Tradeline (jointly, the "**Rise Tradelines**") indicated the "loan amount" was $500. *Id.*

15. Both Rise Tradelines further indicated the identical account status, closed date, number of payments, and payment history. *Id.*

16. "Rise" refers to the creditor, Elevate Credit, Inc., doing business as Rise Credit, which regularly extends or offers to extend consumer credit at annual interest rates in the triple digits.

17. Nearly every state prohibits consumer lending at interest rates exceeding 100%, with many, including Florida, rendering such loan terms to be criminally sanctionable.

18. Because of its duplicative reporting, Clarity's report claimed there was an aggregate $1,000 debt owed to Rise, even though Ms. Blake did not obtain two loans from Rise.

19. Clarity knew or should have known that the tradelines were duplicates since Clarity conducts extensive due diligence on new subscribers and furnishers of information.

20. The fact that Clarity accepted clearly duplicate reports from a source of data which, even in a light most favorable to Clarity, originated from a less-than-reputable source, demonstrates Clarity's lack of regard for compliance with its obligations under the FCRA.

21. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

       Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

22. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Blake.

23. These facts alone establish that Clarity lacks reasonable procedures designed to ensure maximum possible accuracy of the reports it sells as such data could not reasonably be trusted.

24. Further, Clarity included both iterations of the obviously duplicated Rise Tradelines in reports it sold after March 2022 concerning Ms. Blake.

25. Due to numerous systemic issues with Clarity's software or other systems-maintenance issues, this duplicate-reporting issue remained undetected for a little over a year.

26. Clarity knows of the flaws in its software which frequently fail to catch and remove duplicate tradelines from appearing on a consumer's credit reports.

27. Clarity has no reasonable procedure in place to prevent obvious duplicate accounts from appearing throughout a consumer's credit history.

28. Critically, the amount of debt in collection adversely affects the consumer's debt-to-income ratios.

29. Clarity has sold at least 22 consumer reports regarding Ms. Blake which included blatantly false information, *e.g.*, the aforementioned Rise Tradelines. **SEE PLAINTIFF'S EXHIBIT A.**

30. Clarity's failure to implement almost any kind of systems or procedures designed to ensure accurate information about a consumer is obvious when reviewing Ms. Blake's Clarity disclosure.

31. Ms. Blake's report also indicates that on November 22, 2021, the length of time she had been at her current position was reported as "24,240 months" – yet a month later, on December 24, 2021, her length of time on the job was reported as "108 months." *Id.*

32. In other words, when Clarity receives wildly disparate data about a consumer, it simply includes both pieces of information, without any attribution as to source or why both data points are included in a report.

33. Clarity had a legal responsibility to disclose the source(s) of information relied upon when furnishing its disclosure to Ms. Blake; see 15 U.S.C. § 1681g(a) (requirement to "clearly and accurately" disclose all information in a consumer's file at the time of her request, as well as the sources of information relied upon).

34. As a result of the Defendant's actions, Ms. Blake has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

35. Ms. Blake has hired this law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## CLARITY'S VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

36. Ms. Blake adopts and incorporates paragraphs 1 – 35 as if fully stated herein.

37. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Blake when Clarity sold at least twenty-two (22) reports which contained both Rise Tradelines, when the tradelines represented the same underlying account.

38. Clarity's errant reporting was the result of automated systems which do not flag obviously duplicate accounts.

39. Clarity has been sued on numerous occasions for reporting duplicate tradelines and knows that its systems fail to identify such information.

40. Clarity's conduct was willful, or done with a reckless disregard for Ms. Blake's rights under the FCRA, and Ms. Blake is entitled to the greater of her actual damages or statutory damages per violation pursuant to 15 U.S.C. § 1681n.

41. Alternatively, Clarity's conduct was the result of negligence, and Ms. Blake is entitled to actual damages pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Blake respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Ms. Blake's actual damages and statutory damages of **$1,000** per incident (for a total of **$22,000**, based solely upon information known at the time of filing), pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Blake's actual damages for loss of credit opportunities and related economic and non-economic injuries, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g

42. Ms. Blake adopts and incorporates paragraphs 1 – 35 as if fully stated herein.

43. Clarity violated **15 U.S.C. § 1681g**, when responding to Ms. Blake's request for her consumer disclosure, by failing to clearly and accurately disclose to Ms. Blake, a consumer, all of the information in her file at the time of the request. Specifically, Clarity disclosed wildly

contradictory length of time on the job, without attribution of any kind, thereby preventing Ms. Blake from investigating and rectifying the issue.

44. Clarity did not disclose the source(s) of the aforementioned false information contained in Mr. Blake's credit file.

45. Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide clear and accurate disclosures, and its policies could reasonably be foreseen to cause harm to Ms. Blake.

46. As a result of its conduct, Clarity is liable to Ms. Blake pursuant to the FCRA for the greater of Ms. Blake's actual damages or statutory damages of up to $1,000 for *each occurrence*, per 15 U.S.C. § 1681n.

47. Alternatively, Clarity's conduct was the result of negligence and Clarity is liable to Ms. Blake for her actual damages per 15 U.S.C. § 1681o.

**WHEREFORE,** Ms. Blake respectfully requests this Honorable Court enter judgment against Clarity for:

  a. The greater of Ms. Blake's actual damages and statutory damages of **$1,000** per incident (for a total of **$22,000**, based solely upon information known at the time of filing), pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Blake's actual damages for loss of credit opportunities and related economic and non-economic injuries, pursuant to 15 U.S.C. § 1681o(a)(1);

  b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

  c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted on January 5, 2024, by:

**SERAPH LEGAL, P.A.**

/s/ *Brandon D. Morgan*
Brandon D. Morgan, Esq.
Florida Bar Number: 1015954
BMorgan@SeraphLegal.com
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
TBonan@SeraphLegal.com
2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A      Plaintiff's Clarity Consumer Disclosure, November 16, 2023 – Excerpts

# EXHIBIT A
## Plaintiff's Clarity Consumer Disclosure, November 16, 2023 - Excerpts

**Clarity Report for BLAKE, ALEATHA**

11/16/2023

**Consumer**

Name
BLAKE, ALEATHA

Address

Reference Number

**Notices**

Enclosed is a copy of your Clarity Credit Report and/or Clarity Credit Score, a "Summary of Your Rights Under the Fair Credit Reporting Act", and any applicable state rights for you. Below you can find links to help you read and understand this document.

If you wish to dispute information contained in your report, please call us to explain your dispute. You may also provide additional documentation to support your dispute, but it is not required. If you requested your Clarity Credit Report, but not your Clarity Credit Score, you may request and obtain a Clarity Credit Score.

OFAC score and flag values are derived from information maintained by the Office of Foreign Assets Control, a division of the U.S. Department of Treasury. Social Security Pre-Randomization and Deceased values are derived from information maintained by the Social Security Administration.

The latest information on how to read your Clarity consumer file disclosure can be found at:

https://consumersupport.clarityservices.com/how_to_read_report

The latest information on how to read your Clarity Credit Score can be found at:

https://consumersupport.clarityservices.com/how_to_read_score

Disclaimer: This consumer report may contain personally identifiable information, and may be used only in accordance with all regulatory guidelines.
©2009 - 2023 Clarity Services Inc. All Rights Reserved.

Page 1 of 16

# EXHIBIT A

## Plaintiff's Clarity Consumer Disclosure, November 16, 2023 - Excerpts

Account #2

Consumer

| | | | |
|---|---|---|---|
| Name: | BLAKE, ALEATHA | Date of Birth: | [redacted] |
| Address: | [redacted] | | |
| Bank Routing Number: | | Bank Account Number: | |
| Phone Number: | [redacted] | | |

Current

| | | | |
|---|---|---|---|
| Account #: | [redacted] | Company: | RISE Credit |
| Account Type: | Unsecured | Credit Limit: | $0 |
| Ownership: | Individual | Current Loan Amount: | $500 |
| Number of Payments: | 06 | Current Balance: | $0 |
| Payment Frequency: | Biweekly Only | Past Due: | $0 |
| Open Date: | 11/22/2021 | Actual Payment: | $294 |
| First Due Date: | | Next Payment Amount: | $0 |
| Last Update Date: | 3/10/2022 | Status: | Closed/Paid |
| Delinquency Date: | | Closed Date: | 3/10/2022 |
| Payment History: | B-0--00 | Closed Status: | |
| Comment: | | | |
| Consumer Dispute: | | | |

Historical

| | | | |
|---|---|---|---|
| Original Account Type: | Unsecured | Original Loan Amount: | $500 |
| First Payment Date: | 12/30/2021 | First On-Time Payment Date: | 12/30/2021 |
| Last Payment Date: | 3/10/2022 | Last On-Time Payment Date: | 2/24/2022 |
| Total Late Payments: | 0 | Collections (#): | 0 |
| Amount of Late Payments: | $0 | Total Collections: | $0 |
| Total Days Late: | 0 | Days in Collections: | 0 |
| Longest Late Payment: | 0 | Last Collection Date: | |
| Charged Off Date: | | Worst Payment Status: | Current |
| Charge Off Amount: | | First Closed Date: | 3/10/2022 |

Page 3 of 16



# EXHIBIT A
## Plaintiff's Clarity Consumer Disclosure, November 16, 2023 - Excerpts

Account #3

Consumer

Name: BLAKE, ALEATHA    Date of Birth:
Address:
Bank Routing Number:    Bank Account Number:
Phone Number:

Current

Account #:    Company: FinWiseBank/Rise
Account Type: Unsecured    Credit Limit: $0
Ownership: Individual    Current Loan Amount: $500
Number of Payments: 06    Current Balance: $0
Payment Frequency: Biweekly Only    Past Due: $0
Open Date: 11/22/2021    Actual Payment: $2.94
First Due Date:    Next Payment Amount: $0
Last Update Date: 3/10/2022    Status: Closed/Paid
Delinquency Date:    Closed Date: 3/10/2022
Payment History: 0-0-00    Closed Status:
Comment:
Consumer Dispute:

Historical

Original Account Type: Unsecured    Original Loan Amount: $500
First Payment Date: 12/30/2021    First On-Time Payment Date: 12/30/2021
Last Payment Date: 3/10/2022    Last On-Time Payment Date: 2/24/2022
Total Late Payments: 0    Collections (#): 0
Amount of Late Payments: $0    Total Collections: $0
Total Days Late: 0    Days in Collections: 0
Longest Late Payment: 0    Last Collection Date:
Charged Off Date:    Worst Payment Status: Current
Charge Off Amount:    First Closed Date: 3/10/2022

Page 4 of 16

# EXHIBIT A
## Plaintiff's Clarity Consumer Disclosure, November 16, 2023 - Excerpts

**Check Cashing Details** (Check cashing information is furnished by VALID Systems)

No check cashing information found.

### Inquiries seen by others

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your name, date of birth and driver's license/state, then all those data elements came from the same inquiry.

| Date/Time/Tracking # | Purpose | Type | Company |
|---|---|---|---|
| 8/5/2023 6:05:06 pm EDT p[21at1w5q | Legitimate Business Need | Online Rent-to-Own | Prog Leasing |
| 9/8/2023 1:00:52 pm EDT jsgccq2aja | Legitimate Business Need | Online Rent-to-Own | Prog Leasing |
| 11/25/2022 1:37:58 pm EST vJ40qgyvsx | Legitimate Business Need | Online Rent-to-Own | Prog Leasing |
| 5/13/2022 10:43:41 am EDT 6mro4bwr0p | Credit Application | Online Installment Loan | FEB/Personify |
| 5/11/2022 10:43:04 am EDT x7p4mvze84 | Credit Application | Online Installment Loan | CheckAdvanceUSA |
| 5/13/2022 10:42:34 am EDT saxy9286hn | Credit Application | Online Installment Loan | Cascade Springs Credit/Trueight |
| 5/11/2022 10:42:19 am EDT r2bqdbpawp | Credit Application | Online Line of Credit | CCB/TLS/MK Analytics/Propel |
| 5/13/2022 10:42:19 am EDT gbe9pr:ztj | Credit Application | Online Installment Loan | CapitalCommunityBank/OppLoans |
| 5/11/2022 10:41:22 am EDT jpaj84qaxb | Credit Application | Online Installment Loan | ZocaLoans |
| 5/11/2022 10:40:08 am EDT gqtqmvkbwg | Credit Application | Online Installment Loan | River Valley Loans |
| 5/11/2022 10:40:02 am EDT j2dg197t48 | Credit Application | Online Installment Loan | WithU Loans |
| 5/11/2022 10:40:00 am EDT re6tg1xhag | Credit Application | Online Installment Loan | WithU Loans |
| 5/11/2022 10:39:39 am EDT 7yesav6b24 | Credit Application | Online Installment Loan | Credit Ninja/FMS |
| 5/3/2022 9:07:28 am EDT jrr51q65zt | Credit Application | Online Installment Loan | Helpfullending |
| 5/3/2022 9:07:28 am EDT xnped4tk9p | Credit Application | Online Installment Loan | Eagle Advance |
| 5/3/2022 9:06:42 am EDT nzs1scpjrs | Credit Application | Online Installment Loan | Mskwa Financial |
| 4/25/2022 10:05:15 am EDT 7tie09c0b | Credit Application | Online Installment Loan | Minto Money |
| 4/22/2022 12:07:46 pm EDT vhrtenppv8 | Credit Application | Online Line of Credit | Kendall/Vault/Pawkes |
| 4/22/2022 12:07:07 pm EDT rp0cdrwvyj | Credit Application | Online Installment Loan | WithU Loans |
| 4/22/2022 12:07:06 pm EDT sbm3cajonc | Credit Application | Online Installment Loan | WithU Loans |
| 4/22/2022 12:07:05 pm EDT cnrrz19nrts | Credit Application | Online Installment Loan | Credit Ninja/FMS |
| 4/22/2022 12:06:48 pm EDT ab'hty7ek2 | Credit Application | Online Installment Loan | Lendumo |
| 3/3/2022 1:17:05 pm EST 1sb4kr1eyz | Credit Application | Online Installment Loan | FEB/Personify |
| 12/24/2021 7:46:46 am EST n65k0kachh | Credit Application | Online Line of Credit | CBW / Creditfresh |
| 12/24/2021 7:46:40 am EST 596t23tzm0 | Credit Application | Online Installment Loan | WithU Loans |

Page 5 of 16

Page **12** of **13**

# EXHIBIT A
## Plaintiff's Clarity Consumer Disclosure, November 16, 2023 - Excerpts



Income Information

Page **13** of **13**